**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

RAFAEL ALVAREZ SUAREZ, *et al.,*

        Petitioners,

        v.

DARIN BALAAM, *et al.*,

        Respondents.

Case No. 2:26-cv-01366-RFB-NJK

**ORDER TO SHOW CAUSE**

Petitioners are immigration detainees who have filed a joint Petition for a Writ of Habeas Corpus (ECF No. 2) ("Joint Petition"). They challenge the lawfulness of their ongoing detention at Washoe County Detenion Center in the custody of Immigration and Customs Enforcement ("ICE"). They assert they are Jacobo-Ramirez Class Members and entitled to relief pursuant to the Court's classwide declaratory judgment and vacatur. See Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 LX 175584 (D. Nev. Mar. 30, 2026).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why Petitioners are **NOT** Class Members **AND** why the Writ should not be granted to each Petitioner. See 28 U.S.C. § 2243. Respondents shall file, in writing, a **(i) notice of appearance** and **(ii) "a return certifying the true cause of detention"** as to each Petitioner on or before **May 8, 2026.** See id. Petitioners shall file a traverse on or before **May 13, 2026**. Unless Respondents contend Petitioners are not Class Members, Respondents should not reargue their statutory interpretation under 8 U.S.C. § 1225(b)(2)(A). That statutory issue has been fully litigated by Federal Respondents and resolved by the Court's Partial Summary Judgment, which has not been stayed or vacated. Respondents may therefore preserve their appellate rights regarding § 1225(b)(2)(A) by reference to their previous briefing in Jacobo-Ramirez v. Mullin, No. 25-cv-02136-RFB-MDC (D. Nev.). If

Federal Respondents contend there are any other legal bases for Petitioners' ongoing detention, or other reasons why the relief requested in the Joint Petition should not be granted to each Petitioner, **Federal Respondents must so indicate in their Return.**

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Joint Petition. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing.

Additionally, the Court finds Petitioners present a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioners is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243); cf. also Rule 6(b), Rules Governing Section 2254 Cases in the United States District Courts (empowering a court to authorize discovery in habeas corpus proceedings for "good cause"); id. at Rule 1(b) (enabling a court to apply these rules to petitions brought under 8 U.S.C. § 2241).

**IT IS THEREFORE ORDERED** Federal Respondents must file any of the following records relevant to the lawfulness of **EACH** Petitioners' detention in their possession, custody, or control, with their Return: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) any immigration court orders and/or memorandum opinions in custody redetermination proceedings; (6) transcripts and/or audio recordings of any custody redetermination proceedings. If Federal Respondents do not file these records as to any Petitioner, the Court will infer that the records do not exist, **unless Federal Respondents indicate otherwise.**

**IT IS FURTHER ORDERED** that the parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the court, unless the court orders otherwise. See Local Rule IC 6-1; Federal Rule of Civil Procedure 5.2.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

In order to preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not remove or transfer Petitioners from this judicial district without leave of this Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioners' removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over their claims and with the Court's ability to expeditiously resolve the Joint Petition and provide relief as law and justice require. The Court thus finds this Order is warranted to maintain the *status quo* pending this Court's adjudication of the Joint Petition.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

- 3 -

2. **ADD** Counsel for Respondent Darin Balaam at cburnett@da.washoecounty.gov to the docket. Then, **SEND** them a copy of the Joint Petition (ECF No. 2) and this Order through CM/ECF.

3. **MAIL** a copy of the Joint Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent Darin Balaam at Washoe County Detention Center, 911 E. Parr Blvd., Reno, NV 89512.

**DATED:** May 5, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -